✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
ANGIE MULLINAX
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 09

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 cr 09

UNITED STATES OF AMERICA,

Vs.

ANGIE MULLINAX.

ADDENDUM TO
DETENTION ORDER

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance. In violation allegation #3 it is alleged that the defendant has tested positive for marijuana and cocaine on September 9, 2008. She admitted that she used marijuana and cocaine on November 23, 2008 and she admitted she used marijuana on January 19, 2009 and March 11, 2009. Further, the offense for which the defendant was placed on supervised release was a charge of conspiracy to possess with intent to distribute methamphetamine.

**(g)(2):** The weight of the evidence against the person is at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, she has had employment, and a long length of residence in the Cleveland County and and Gaston County areas. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Conspiracy to possess with intent to distribute methamphetamine | 02/19/08 |
| Possession of marijuana | 10/23/01 |
| Possession of drug paraphernalia | 09/13/04 |
| Obtaining a controlled substance by fraud | 02/02/05 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Shoplifting | 12/15/00 |
| Trespassing | 12/15/00 |
| Larceny | 11/08/00 |
| 2 counts of obtaining property by false pretense | 10/06/00 |
| 5 counts of forgery | 10/06/00 |
| 5 counts of uttering a forged instrument and 5 counts of forgery | 04/03/01 |
| Obtaining property by fraud | 03/07/02 |
| Obtaining property by fraud | 03/07/02 |
| 3 counts of forgery | 11/07/01 |
| 3 counts of uttering a forged instrument | 11/07/01 |
| Obtaining property by false pretense | 03/07/02 |
| Obtaining property by fraud | 03/07/02 |

| | |
|---|---|
| Obtaining property by fraud | 03/07/02 |
| Obtaining property by fraud | 03/07/02 |
| Larceny | 09/01/04 |
| Obtaining property by fraud | 11/08/06 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of larceny that had been brought against her in Cleveland County NC on July 7, 2004. The defendant failed to appear on December 1, 2005.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release which she is alleged to have violated.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. It appears from the criminal record of the defendant that the defendant has been convicted of 32 separate felonies and six misdemeanors. The allegations against the defendant include the fact that she has committed a large number of other felonies during the period of time that she was serving a term of supervised release. Those felonies involve felony larceny by employee and obtaining property by false pretense and two potential counts of possession of cocaine. The evidence is clear and convincing that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part. If the allegations contained in the petition are proven, the potential sentence of the defendant would be substantial. Further, the defendant has pending against her charges of being an habitual felon in the state of North Carolina. The potential for the length of the sentence against the defendant shows by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 9, 2009

Dennis L. Howell
United States Magistrate Judge